**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| JOHN DOE, | : | Case No. 3:26-cv-00253 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| UNIVERSITY OF DAYTON, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Plaintiff John Doe recently submitted a *pro se* Complaint and related documents to this Court.[1] Plaintiff Doe, previously a candidate for admission to the University of Dayton's law school, brings a claim against the University under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. No. 1-1.) The resulting case has been assigned to District Judge Thomas M. Rose. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

The matter is currently before the undersigned to consider Plaintiff's Application to Proceed *in Forma Pauperis* (or IFP) and without paying the fees to file the case. (Doc. No. 1.) For the reasons that follow, the undersigned **RECOMMENDS** that the Court

[1] Plaintiff included a Motion for Leave to Proceed under Pseudonym and to File Sensitive Materials under Seal with his initial submission. (*See* Doc. No. 1-4.)

**DENY** Plaintiff's Application and **ORDER** him to pay the fees in full by a date certain if he wants to proceed with this case.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). For civil actions other than those seeking habeas corpus relief, the total fee amount is $405, which consists of a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, District Court Miscellaneous Fee Schedule, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Sep. 25, 2026).

The fees to file are generally due and paid when the case is opened. However, a plaintiff who, because of their poverty, "cannot pay the fee may ask to proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Crump,* 121 F.4th at 1110 (citing § 1915(a)-(b)). "Proceeding *in forma pauperis* is a privilege and not a right." *Ohio v. Ealy*, No. 1:09-cv-245, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)). A litigant need not be absolutely destitute to be granted *in forma pauperis* status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But an applicant must show that "because of his [or her] poverty," he or she cannot pay the fee and continue to afford the necessities of life. *Id.*

Whether to grant IFP status is within the Court's discretion, and the burden of convincing the Court is on the applicant. *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S. Dist. LEXIS 205449, at *2 (E.D. Ky. Nov. 7, 2016). Courts "generally consider an

applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017). However:

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . <u>*In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance</u> and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Correction*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (emphasis added).

Plaintiff's Application does not place him within this category. He is employed by the Office of the Attorney General for the State of Florida.[2] (*Id*. at PageID 2.) He earns $3,824 per month, or $45,888 per year. (*Id*.) In addition, Plaintiff discloses that in the last year, he "received a one-time legal settlement of $16,500," although he submits that these funds have been completely exhausted. (*Id*.) Added to his employment income, Plaintiff's most recent yearly income is $62,388.

Plaintiff is married and states that his spouse is not employed; he has no dependents. (Doc. No. 1 at PageID 2.) Plaintiff owns a vehicle but does not indicate its value. (*Id*.) He explains that the vehicle is encumbered by a $25,000 loan. (*Id*. at PageID

---

[2] Plaintiff resides in Florida. (Complaint, Doc. No. 1-1 at PageID 6, ¶ 13.)

3.) He reports monthly bills totaling $3,445 per month (*id.*), which is $395 less than his monthly employment income. Plaintiff reports having minimal cash on hand or in an account. (*Id.*)

Plaintiff's IFP Application and its attachments do not demonstrate that he should be granted IFP status. "Financial ability has been found, and thus IFP denied, where income and assets exceed monthly expenses." *See Muehlfeld v. Comm'r of Soc. Sec. Admin.*, No. 3:23-cv-225, 2023 WL 2988316, at *2 (N.D. Ohio Feb. 14, 2023), *report and recommendation adopted*, 2023 WL 3847287 (N.D. Ohio June 6, 2023). That is the case here. Even setting aside the legal settlement funds, Plaintiff's monthly income ($3,824) exceeds his reported monthly expenses ($3,445) as a mathematical proposition.

Plaintiff's income of $62,388 also substantially exceeds the 2026 federal poverty guideline for a two-person household of $21,640.[3] "Although not the applicable standard for determining entitlement to IFP status, [the federal poverty] guidelines are used to determine financial eligibility for certain federal programs. As such, they provide a useful reference point in determining whether an individual is in poverty and, thus, likely unable to pay the required filing fee." *Muehlfeld,* 2023 WL 2988316, at *3 (citing *Levet v. Comm'r of SSA*, No. 1:14-cv-1378, 2014 WL 3508893, at *2 n.1 (N.D. Ohio July 15, 2014)).

Requiring Plaintiff "to make the decision to … use existing assets to pay the fairly modest costs relieved by obtaining IFP or choose not to pursue the litigation does not

[3] Available at https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf (last visited Sep. 25, 2026).

deprive [him] of an opportunity to pursue his case." *Dotson v. Colvin*, No. 7:16-cv-198, 2016 U.S. Dist. LEXIS 205449, at *4 (E.D. Ky. Nov. 7, 2016). Plaintiff, like others with income and/or assets, will "have to make a financial calculation if he want[s] to pursue a lawsuit." *Id*.

The undersigned concludes that Plaintiff has not satisfied his burden to show that, because of his poverty, he is unable to pay the modest one-time cost of filing this case while still providing for the necessities of life. *See Adkins*, 335 U.S. at 339. The undersigned therefore **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) in full by a date certain if he wants to proceed with this case.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of Court.

Plaintiff is **ADVISED** that he must promptly notify the Court if his mailing address changes while this case is pending. He may wish to review the resources for *pro se* parties on the Court's website.[4] He may also find and monitor the status of this case via the federal courts' PACER Case Locator service.[5] Finally, if Plaintiff would prefer to receive documents from the Court by email rather than mail, he may complete and file with the Clerk of Court a Motion by Pro Se Litigant to Receive Service by Email Through the Electronic Case Filing System.[6]

---

[4] Available at https://www.ohsd.uscourts.gov/pro-se.
[5] Available at https://pcl.uscourts.gov/pcl/index.jsf.
[6] Available at https://www.ohsd.uscourts.gov/electronic-case-filing, by choosing "Consent to Electronic Service."

**IT IS SO RECOMMENDED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge

## DEADLINE TO FILE OBJECTIONS

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).