FILED
RICHARD W. NAGEL
CLERK OF COURT

OCT 26 2026 3:09 P

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

# UNITED STATES DISTRICT COURT

**for the Southern District of Ohio**
**Western Division**

| | | |
|---|---|---|
| John Doe | ) | Case № 3:26-cv-00253-TMR-CHG |
| *Plaintiff* | ) | |
| | ) | District Judge Thomas M. Rose |
| - v - | ) | |
| | ) | Magistrate Judge Caroline H. Gentry |
| University of Dayton | ) | |
| *Defendant* | ) | |

## PLAINTIFF'S OBJECTIONS

## TO THE REPORT AND RECOMMENDATION

Plaintiff John Doe, proceeding pro se, respectfully submits these specific written objections to the Report and Recommendation entered October 5, 2026 ("R&R"), recommending denial of his application to proceed in forma pauperis ("IFP") and payment of the $405 filing fee.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), Plaintiff requests de novo review of the challenged findings and conclusions. Plaintiff does not dispute the financial figures disclosed in his original application. Rather, he objects to the conclusion that those figures establish an ability to pay the filing fee while maintaining the necessities of life. The application did not

include certain ordinary subsistence expenses, and the accompanying financial information did not establish that Plaintiff possessed sufficient disposable income or realizable assets to pay the fee.

In support of these objections, Plaintiff submits additional documentation concerning the outstanding automobile loan and a contemporaneous third-party purchase offer.

**I. The Report and Recommendation Relies on an Incomplete Accounting of Plaintiff's Necessary Living Expenses**

The R&R observes that Plaintiff reported monthly employment income of $3,824 and monthly financial obligations totaling $3,445. It concludes that the difference between those figures supports a finding that Plaintiff can afford the $405 filing fee. Plaintiff respectfully objects to that conclusion.

The $3,445 figure reflects eight specifically itemized obligations: rent, automobile financing, utilities, medical bills, health insurance, automobile insurance, credit-card payments, and an IRS obligation. Critically, the original application did not include expenses for food or groceries. Nor did it separately account for gasoline and other ordinary necessities of daily life. These omissions do not establish that Plaintiff incurs no such expenses. The amount remaining after payment of the eight listed obligations therefore cannot automatically be characterized as disposable income available to pay a court filing fee.

Plaintiff is married. His spouse is an unemployed student residing abroad and has no independent employment income. Although Plaintiff does not suggest that the spouse's circumstances alone establish eligibility for IFP status, his financial situation should be assessed based on his actual obligations.

The correct difference between Plaintiff's reported monthly income of $3,824 and his itemized obligations of $3,445 is $379, rather than the $395 stated in the R&R. Plaintiff acknowledges that this arithmetic discrepancy is not independently dispositive. The more significant issue is that even the correctly calculated $379 remains subject to necessary expenses that were not included in the original application. Moreover, the $405 filing fee exceeds the entire difference between Plaintiff's reported income and itemized obligations, even before accounting for those omitted necessities. Plaintiff respectfully submits that the R&R's conclusion concerning his ability to pay rests on an incomplete financial picture and warrants reconsideration.

## II. The Governing Standard Requires an Individualized Assessment of Ability to Pay While Maintaining Life's Necessities

Under 28 U.S.C. § 1915(a)(1), a federal court may authorize commencement of a civil action without prepayment of fees upon an adequate showing of financial inability.

The Supreme Court has recognized that an applicant need not be absolutely destitute to qualify for IFP status. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).

Plaintiff acknowledges that IFP status is discretionary and that the obligation to pay a filing fee may require reasonable financial sacrifice. He does not contend that any financial hardship automatically entitles him to relief.

Nevertheless, the inquiry must account for whether payment would interfere with the applicant's ability to provide for the necessities of life.

Here, the R&R's calculation does not include food and other ordinary subsistence expenses. Plaintiff also reported minimal liquid funds and substantial recurring medical-related obligations.

The existence of employment income does not, standing alone, resolve whether a litigant can pay a particular fee without impairing the ability to meet essential expenses.

Plaintiff therefore respectfully requests that the District Court evaluate his actual financial circumstances rather than treating the difference between employment income and an incomplete list of obligations as conclusively establishing ability to pay.

## III. The One-Time Settlement Does Not Establish Present Liquidity

The R&R considers Plaintiff's receipt of a one-time legal settlement of $16,500 during the preceding twelve months. Plaintiff respectfully submits that the compensatory nature of this payment is material to the assessment of his financial circumstances.

The settlement was received as compensation for harm Plaintiff had already sustained. The proceeds were used to address the consequences of that harm, rather than constituting recurring earnings or an ongoing source of financial support.

The payment therefore should not be treated as equivalent to ordinary disposable income without considering its purpose, the financial burdens it addressed, and whether any proceeds remained available when Plaintiff sought leave to proceed in forma pauperis.

Plaintiff disclosed the settlement in his original application and reported that its proceeds had been exhausted. Plaintiff does not contend that compensatory settlement proceeds are categorically excluded from consideration under 28 U.S.C. § 1915(a)(1). Rather, he submits that the historical receipt of compensation for previously sustained harm does not, standing alone, demonstrate a present ability to pay the $405 filing fee.

**IV. Documentary Evidence Establishes That Plaintiff's Vehicle Has Substantial Negative Equity and Does Not Represent an Available Financial Resource**

The R&R notes that Plaintiff disclosed ownership of an automobile but did not identify its estimated value. Plaintiff now submits documentation directly addressing that omission.

Exhibit A, a Lendbuzz account statement, identifies Plaintiff's 2025 Nissan Kicks Play and reflects an outstanding principal balance of $26,717.84.

Exhibit B, a contemporaneous Carvana purchase offer, reflects an offer of $18,200 for the vehicle.

The difference between the outstanding principal balance and the documented purchase offer is approximately $8,517.84 in negative equity. The actual loan payoff amount may differ from the principal balance.

Thus, the available documents demonstrate that selling the vehicle at the documented offer price would not produce funds available for payment of the filing fee. Instead, satisfying the secured obligation in connection with such a sale would require additional funds.

Plaintiff further clarifies that the $550 monthly automobile payment reported in his original IFP application reflected his obligation at the time of filing. Plaintiff subsequently refinanced the vehicle loan to reduce his recurring monthly payment.

The Lendbuzz statement reflects a current required monthly payment of $516.97, a reduction of $33.03 per month. Plaintiff acknowledges that this reduction modestly improves his monthly cash flow. Nevertheless, it does not eliminate his necessary living expenses or transform the substantially encumbered vehicle into an available liquid asset.

As explained in his original application, Plaintiff also relies on the vehicle for essential transportation because of his substantial mobility limitations.

Plaintiff respectfully requests that the District Court consider Exhibits A and B in determining whether vehicle ownership provides any meaningful ability to pay the filing fee.

**V. Requested Relief**

For the foregoing reasons, Plaintiff respectfully requests that the District Court:

1. Sustain Plaintiff's specific objections to the challenged portions of the Report and Recommendation;

2. Conduct de novo review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3);

3. Decline to adopt the recommendation denying Plaintiff's application to proceed in forma pauperis and grant the application;

4. Alternatively, permit Plaintiff to supplement the financial record with a sworn declaration and reasonably necessary supporting documentation before entering a final determination; and

5. If the Court ultimately denies IFP status, establish a reasonable deadline for payment of the filing fee following entry of the District Court's order.

6. Plaintiff requests such other relief as the Court deems just and proper.

Respectfully submitted on this 19th day of October 2026,

John Doe

Plaintiff, Pro Se

2371 Tina Dr, Tallahassee, FL 32301

Tel: (704) 420-5283 (text only)

EXHIBIT A

Account Statement - Outstanding Automobile Loan Balance

EXHIBIT B

Purchase Offer – Vehicle Valuation